WILLIAM BLUMENTHAL
General Counsel
DAVID K. KOEHLER
TRACY R. SHAPIRO
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-3212
Washington, D.C. 20580
202-326-3627 (Koehler)
202-326-2343 (Shapiro)
202-326-3259 (Fax)
ATTORNEYS FOR PLAINTIFF

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>                Plaintiff,<br><br>v.<br><br>CYBERSPY SOFTWARE, LLC, and<br>TRACER R. SPENCE,<br>                Defendants. | Case No. 6:08-cv-1872-orl-31GJK<br><br>**COMPLAINT**<br>**FOR PERMANENT**<br>**INJUNCTION AND OTHER**<br>**EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), through its undersigned attorneys, for its Complaint alleges:

1.     Plaintiff FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure injunctive and other equitable relief against Defendants for engaging in unfair and deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Dockets.Justia.com

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF

4. Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission, through its own attorneys, may initiate federal district court proceedings to enjoin violations of the FTC Act and to secure such other equitable relief, including restitution and disgorgement of ill-gotten gains, as may be appropriate in each case. 15 U.S.C. § 53(b).

## DEFENDANTS

5. Defendant **CyberSpy Software, LLC** ("CyberSpy Software") is a Florida limited liability company, with a principal place of business and mailing address in this District. CyberSpy Software conducts or has conducted business as RemoteSpy or remotespy.com. CyberSpy Software transacts or has transacted business in this District.

6. Defendant **Tracer R. Spence** ("Spence") is the registered agent and manager of CyberSpy Software, LLC, and holds himself out as the company's CEO. Spence, individually or in concert with others, has formulated, directed, controlled, or participated in

the acts and practices set forth in this complaint, and has done so at times pertinent to this action. Spence resides or has resided and transacts or has transacted business in this District.

## COMMERCE

7. The acts and practices of Defendants alleged in this Complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' COURSE OF CONDUCT

### Overview

8. Since at least August 2005, Defendants, through their remotespy.com website and a network of affiliates, have marketed and sold "RemoteSpy." RemoteSpy is "spyware" software that can be remotely deployed and secretly installed. The software has a function that records every keystroke typed on a computer (a "keylogger") as well as other computer activities.

9. Defendants provide RemoteSpy customers with instructions on how to disguise the software as an innocuous file, such as "photos" or "music" attached to an email, in order to send the software to another computer. When a consumer victim clicks on the disguised attachment, the surveillance software – which is designed to evade anti-virus protection and firewalls – silently downloads in the background without the victim's knowledge.

10. Once the software is installed, it sends information from the consumer victim's computer to Defendants' servers every ten minutes while the victim's computer is turned on and connected to the Internet. If the consumer victim's computer is not connected to the Internet, RemoteSpy maintains copies of the recorded information locally on the victim's

computer until the computer is connected to the Internet, at which time RemoteSpy sends the information to Defendants' servers.

11.  Defendants then collect, organize, and store detailed logs of the consumer victim's computer activity (including, for example, all passwords used) and captured images of the computer screen on their servers. RemoteSpy customers can access this information by going to remotespy.com and typing in a password that they selected when signing up for Defendants' service.

### Advertising the Keylogger Software

12.  Defendants promote RemoteSpy as a way to "SPY ON ANYONE. FROM ANYWHERE." On the remotespy.com homepage, Defendants assert that RemoteSpy can be used to:

> Secretly and covertly monitor and record Pc's [*sic*] without the need of physical access. Record keystrokes, screenshots, email, passwords, chats, instant messenger conversations, websites visited + More in total privacy.

A copy of Defendants' homepage (http://www.remotespy.com/) is attached hereto as **Exhibit A**.

13.  Defendants also promote RemoteSpy as being "100% UNDETECTABLE":

> RemoteSpy is completely stealth and designed to install without warning. Once the executable is clicked the monitoring application will be started instantly. There are no signs or warnings whatsoever.

14.  Throughout their website, Defendants promote the powerful stealth features of RemoteSpy, including:

> **Unbeatable Stealth Capabilities** - RemoteSpy offers many levels of stealth capability to prevent the remote user from removing the software. RemoteSpy will not be displayed in the task manager, the process tab (under Windows NT/2000/XP/Vista), or anywhere else where it may be possible for the user to detect it!
>
> **Cloaking Ability** - For maximum protection, RemoteSpy will cloak itself - in other words, each time it is executed, it will automatically recreate itself elsewhere on the PC to prevent the software from being removed from the individual being monitored.

### Deployment and Installation

15. RemoteSpy is capable of being deployed remotely as an "executable" file (*i.e.*, a file that can be run directly by a computer's hardware without further processing) attached to an email.

16. Defendants provide their customers with a configuration wizard, a user tutorial, and step-by-step instructions, including screenshots and examples of how to disguise the appearance of the executable as an innocuous-looking file attachment:

> Some customers first rename the module a unique name prior to deployment such as funpics.exe or funny.exe, the only requirement is that the .exe extension remains. Customers are also given access to in-depth guides on how to further disguise their module to a custom icon graphic and choose any file name for example vacation_pics.jpg. These additional disguising techniques are useful for when deploying your spy module over the internet remotely.

17. Defendants also provide step-by-step instructions demonstrating how to embed the disguised executable in a Word document that can be attached to an email to further dupe recipients and evade anti-virus and firewall protections that may block executable email attachments.

18. Once installed on a target computer, RemoteSpy cannot be readily located or uninstalled by consumers. RemoteSpy is not displayed in the "Start" bar, "Task Bar," "Task Manager," "Applications" tab, or the "Processes" tab, the customary locations where users may identify applications running on their computers. The software also is not listed in the "Add/Remove Programs" utility, the customary utility for removing applications from computers.

19. Many of the leading anti-virus and anti-spyware products and services do not identify RemoteSpy or report any suspicious activity when ReportSpy is installed and running on a consumer's computer.

**Information Collected, Organized, and Stored by RemoteSpy**

20. Shortly after installation on the target computer, a RemoteSpy customer can remotely log in to Defendants' service from any computer with Internet access by entering a username and password at the remotespy.com homepage. Once logged in, the RemoteSpy customer is directed to a "Control Panel" that is hosted on remotespy.com, which contains links to the following logs of information collected from the victim's target computer:

- Keystrokes Typed
- Chat Transcripts
- Windows Used
- Applications Ran
- Documents Opened
- Activity Log
- Websites Visited
- Passwords Used
- Last Screenshot
- New! Screenshots
- System Information

21. Several examples of the kinds of information collected, organized, and stored by Defendants in the above logs follow.

22. **"Keystrokes Typed"**: In the "keystrokes typed" log, Defendants provide the customer with the ability to see either a raw log (*i.e.*, all keystrokes, including deletions) or a formatted log that shows the text in an ordinary readable fashion. Thus, anything the consumer victim types at his or her keyboard is recorded (*e.g.*, a password, the text of email, a word processing document, an online banking or credit card transaction, etc.), potentially providing enormous amounts of information to, for example, a stalker or identity thief.

23. **"Passwords Used"**: Not only does RemoteSpy capture every keystroke typed on the victim's computer, but it also creates a table of "Passwords Used" that sorts password data into columns listing the "Source" (the web address), "Title" (the name of the website), "Username" (the name used to sign in), "Password," and "Time" (the date and time the password was used). In the "Password" column, Defendants spell out the victim's password, even if the password was not displayed on the screen as the victim typed (*i.e.*, even if the password (*e.g.*,"p@ssword") appeared as dots ("••••••••") or asterisks ("********") on the victim's screen).

24. **"Websites Visited"**: The "websites visited" log provides a list of active hyperlinks to every website the consumer victim visited, the duration of the visit, and the date and time of the visit. Internet searches also appear as links under the website visited list. For example, if a consumer victim were to search for "avoiding stalkers" or "spousal abuse" on Google, the search would appear on the list as "<u>avoiding stalkers - Google Search</u>" or

"spousal abuse - Google Search." Clicking on the entry brings up a Google results page for the victim's search.

25. **"Last Screenshot" and "New! Screenshots"**: When the target computer is powered on, RemoteSpy records a screenshot approximately every five minutes, regardless of whether the computer is connected to the Internet. RemoteSpy stores up to 100 screenshots, which are still images of whatever is displayed on the consumer victim's monitor at the time the screenshot is recorded (*e.g.*, an open email received from another party, website, video still, bank statement, tax return, etc.).

26. **"Realtime Log Searching"**: Defendants also provide RemoteSpy customers with the ability to search all the recorded logs. For example, a RemoteSpy customer can search for a person's name or specific word or phrase (*e.g.*, bank, investment, tax return, legal papers, etc.), and the software will produce a list of results wherever the search term appears (*e.g.*, typed in the text of documents or email, chat sessions, document names, Internet searches, names of websites visited, etc.).

27. The invasion of privacy and security resulting from collecting and disclosing confidential consumer information without the computer owner's knowledge and authorization causes or is likely to cause substantial harm to consumers and the public, including without limitation: financial harm (including identity theft) and endangering the health and safety of consumers. Consumers cannot reasonably avoid these injuries because Defendants' practices are entirely invisible to them. The harm caused by Defendants'

unauthorized collection and disclosure of confidential consumer information is not outweighed by countervailing benefits to consumers or to competition.

## VIOLATIONS OF THE FTC ACT

28. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce. Misrepresentations or omissions of material fact constitute deceptive acts or practices pursuant to Section 5(a) of the FTC Act. Acts or practices are unfair under Section 5(a) of the FTC Act if they cause or are likely to cause substantial injury that consumers cannot reasonably avoid and that is not outweighed by countervailing benefits to consumers or competition.

## COUNT I

### (Unfair Sale of Spyware)

29. Through the means described in Paragraphs 8 through 27, Defendants have advertised and sold software that: can be deployed remotely by someone other than the owner or authorized user of the computer; can be installed without the knowledge and consent of the owner or authorized user of the computer; records every keystroke typed on a computer and records other computer activities; allows the person who deployed the software to view the recorded keystrokes and other computer activities; and cannot be readily located or uninstalled by the owner or authorized user of the computer.

30. Defendants' actions cause or are likely to cause substantial injury to consumers that cannot be reasonably avoided and is not outweighed by countervailing benefits to consumers or competition.

31. Therefore, Defendants' practices, as described in Paragraph 29, constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

### (Unfair Collection and Disclosure of Consumers' Personal Information)

32. Through the means described in Paragraphs 8 through 27, Defendants have collected personal information from computers without the knowledge and consent of the owner or authorized user of the computer, have stored the information on Defendants' servers, and have disclosed the information to unauthorized third parties.

33. Defendants' actions cause or are likely to cause substantial injury to consumers that cannot be reasonably avoided and is not outweighed by countervailing benefits to consumers or competition.

34. Therefore, Defendants' practices, as described in Paragraph 32, constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

### (Means and Instrumentalities to Install Spyware and Access Consumers' Personal Information)

35. Through the means described in Paragraphs 8 through 27, Defendants have furnished others with software that: records every keystroke typed on a computer and records other computer activities; can be deployed remotely by someone other than the owner or authorized user of the computer; can be installed without the knowledge and consent of the authorized user of the computer; and cannot be readily located or uninstalled by the owner or

authorized user of the computer. Defendants have provided others with a configuration wizard, a user tutorial, and step-by-step instructions demonstrating how to deploy the software without the computer owner's knowledge or authorization. Defendants have provided unauthorized third parties access to consumers' personal information and files.

36. By furnishing others with the materials to engage in the unfair practices described in Paragraph 35, Defendants have provided the means and instrumentalities for the commission of unfair acts and practices.

37. Therefore, Defendants' practices, as described in Paragraph 35, constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IV

### (Means and Instrumentalities to Engage in Deception)

38. Through the means described in Paragraphs 8 through 9 and 15 through 27, Defendants have furnished RemoteSpy customers with a configuration wizard, user tutorial, and step-by-step instructions, including screenshots, demonstrating how to represent to consumers that RemoteSpy is an innocuous file or attachment (such as pictures or a Microsoft Word document) when, in truth and in fact, RemoteSpy is harmful software that, among other things, surreptitiously records every keystroke typed on a computer.

39. By furnishing others with the materials described in Paragraph 38, Defendants have provided the means and instrumentalities for the commission of deceptive acts and practices.

40. Therefore, Defendants' practices, as described in Paragraph 38, constitute

deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

41. Consumers throughout the United States have likely suffered and will likely continue to suffer substantial injury, including monetary loss, as a result of Defendants' unlawful acts or practices. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

42. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act. The Court, in the exercise of its equitable jurisdiction, may award other ancillary relief, including but not limited to rescission of contracts and restitution, and the disgorgement of ill-gotten gains, to prevent and remedy injury caused by Defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Federal Trade Commission, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

(a) Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action, and to preserve the possibility of effective final relief;

(b) Permanently enjoin Defendants from violating the FTC Act as alleged herein;

(c) Award such equitable relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of Section 5(a) of the FTC Act, including but not limited to restitution and the disgorgement of ill-gotten gains by the Defendants; and

(d) Award Plaintiff such other equitable relief as the Court determines to be just and proper.

Dated:                                      Respectfully submitted,

                                            WILLIAM BLUMENTHAL
                                            General Counsel

                                            _____
                                            DAVID K. KOEHLER
                                            NY Bar. No. 2651404
                                            TRACY R. SHAPIRO
                                            CA Bar No. 220811
                                            TRIAL COUNSEL
                                            FEDERAL TRADE COMMISSION
                                            600 Pennsylvania Avenue, N.W.
                                            Mail Drop NJ-3212
                                            Washington, D.C. 20580
                                            TEL.: (202) 326-3627 (Koehler)
                                                  (202) 326-2343 (Shapiro)
                                            FAX: (202) 326-3259
                                            Email: dkoehler@ftc.gov
                                                   tshapiro@ftc.gov
                                            Attorneys for Plaintiff

**EXHIBIT A**



The most powerful software of it's kind, it's finally here RemoteSpy! Secretly and covertly monitor and record Pc's without the need of physical access. Record keystrokes, screenshots, email, passwords, chats, instant messenger conversations, websites visited + More in total privacy. Find out the information you need to know quickly with the most intelligent **remote spy software** available RemoteSpy!

Unlike other spy software solutions, Remote Spy features innovative anti-detection routines and a firewall bypassing option unavailable in other remote monitoring products. This allows for quick and easy monitoring of your remote or local computer with no extraneous configuration needed. Begin receiving internet activity logs from your monitored computer within minutes of deployment. Try the demo today!

How it Works    Remote Spy Demo    New Users Register



**EARN BIG CASH SELLING REMOTESPY**
© 2004-2008 CyberSpy Software, LLC
Powerful Remote Spy Software