# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

CYBERSPY SOFTWARE, LLC, and
TRACER R. SPENCE,

Defendants.

Case No.: 6:08-cv-1872-ORL-GAP-GJK

**TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED, AND NOTICE OF HEARING**

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), having filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having moved for a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, and for an order to show cause why a preliminary injunction should not be granted, and the Court having considered the complaint, and all pleadings, memoranda, declarations, and exhibits filed herein, finds that:

1. This Court has jurisdiction of the subject matter of this case and over all named parties;

2. Venue lies properly with this Court;

3. The complaint states a claim upon which relief may be granted against Defendants under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

4. Defendants have marketed and sold "RemoteSpy," a remotely deployed keylogger software program that can be installed without the knowledge or consent of the owner or authorized user of a computer. Defendants provide RemoteSpy customers with instructions and examples for how to disguise the software as an innocuous file in order to send the software to another computer and trick the owner or authorized user of the computer into installing the software. Once installed, RemoteSpy sends information, including all keystrokes typed, passwords used, and websites visited, from the computer to Defendants' Internet servers. Defendants provide access to such information to RemoteSpy customers. Once installed on a computer, the owner or authorized user of the computer cannot readily locate or uninstall RemoteSpy on his own;

5. The sale and operation of RemoteSpy is likely to cause substantial harm to consumers that cannot be reasonably avoided and is not outweighed by countervailing benefits to consumers or to competition. The likely harm includes financial harm (including identity theft) and endangering the health and safety of consumers;

6. There is a substantial likelihood that the Commission will ultimately succeed in establishing that Defendants have engaged in and are likely to continue to engage in acts and practices and provide the means and instrumentalities to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

7. Weighing the equities and considering the Commission's likelihood of

ultimate success in its causes of action, this temporary restraining order and other relief are in the public interest; and

8. No security is required of any agency of the United States in connection with the issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "CyberSpy Software" means CyberSpy Software, LLC, a Florida limited liability company with its principal place of business and mailing address at 1512 East Jefferson Street, Orlando, Florida 32801.

2. "Defendants" shall mean CyberSpy Software and Spence.

3. "Document" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, opened electronic mail, and computer material (including print-outs, cards, magnetic or electronic tapes, discs and such codes or instructions as will transform such computer

materials into easily understandable form).

4. "FTP site" means a server on the Internet that maintains files for downloading by the use of File Transfer Protocol.

5. A "Host" or "Hosting Company" is the party that provides the infrastructure for a computer service. With respect to web pages and web sites, a Host or Hosting Company maintains "Internet servers" – the computers on which web sites, web pages, Internet files, or resources reside. The Host or Hosting Company also maintains the communication lines required to link the server to the Internet.

6. "Internet" means a worldwide system of linked computer networks that use a common protocol (TCP/IP) to deliver and receive information. The "Internet" includes but is not limited to the following forms of electronic communication: electronic mail and email mailing lists, the World Wide Web, web sites, newsgroups, Internet Relay Chat, and file transfers protocols thereon, and remote computer access from anywhere in the world thereto.

7. "Keylogger" means software that records every keystroke a computer user types and/or other computer activities.

8. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9. "Plaintiff" means the Federal Trade Commission ("Commission" or "FTC").

10. "Remotely deployed keylogger" means software (a) that records every

keystroke a computer user types and/or records other computer activities; (b) that can be sent over the Internet to a remote computer via email; and (c) that can be installed without the knowledge and consent of the owner or authorized user of the computer.

11.     "RemoteSpy" means the software program, including any and all versions, that the Defendants advertise through, without limitation, the web site www.remotespy.com.

12.     "Spence" means Tracer R. Spence, individually and as an officer and director of CyberSpy Software.

13.     "World Wide Web" means a system used on the Internet for cross-referencing and retrieving information.

14.     A "web site" means a set of electronic files or documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Internet and standard Internet browser software.

15.     A "web page" means a single electronic document on the World Wide Web, readily viewable on a computer by anyone with access to the Internet and standard Internet browser software. Every web page on the World Wide Web is identified by a globally unique address.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS HEREBY ORDERED** that Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in, promoting, selling, or distributing any remotely deployed keylogger.

**II.**

**IT IS FURTHER ORDERED** that Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in, collecting information from any computer through the operation of a remotely deployed keylogger, and from disclosing any information obtained through the operation of a remotely deployed keylogger.

**III.**

**IT IS FURTHER ORDERED** that Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in, providing others with the means and instrumentalities with which to make, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact regarding any keylogger, including, but not limited to, falsely representing that a keylogger is an innocuous file or attachment such as photos or music.

**IV.**

**IT IS FURTHER ORDERED** that Defendants, and all other persons or entities in

active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in, providing others with the means and instrumentalities with which to distribute a remotely deployed keylogger.

## PROTECTION OF CONSUMERS' PERSONAL INFORMATION

### V.

**IT IS FURTHER ORDERED** that Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing any information that Defendants obtained through the operation of RemoteSpy;

    B.    Benefitting from or using any information that Defendants obtained through the operation of RemoteSpy; and

    C.    Further obtaining any information through the operation of RemoteSpy.

*Provided, however,* that Defendants may disclose such information to a law enforcement agency, to Plaintiff, or as required by any law, regulation, court order, or judicial proceeding.

## SUSPENSION OF WEB SITES AND INTERNET SERVERS

### VI.

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon

them, Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, and any other person or entity served with a copy of this Order, including without limitation any Host or Hosting Company, shall:

    A.    Immediately take whatever steps may be necessary to ensure that any web site or web page used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of RemoteSpy, including, but not limited to, www.remotespy.com, cannot be accessed by the public;

    B.    Immediately take whatever steps may be necessary to ensure that any information collected from consumers' computers by RemoteSpy cannot be accessed by the public;

    C.    Prevent the destruction or erasure of any web sites or web pages and any electronically stored information on web sites, web servers, web logs, web pages and email used by Defendants for the advertising, marketing, promotion, offering for sale, sale or provision of RemoteSpy, including, but not limited to, www.remotespy.com, by preserving all such information in the format in which they are currently maintained; and

    D.    Immediately notify counsel for the FTC of any other web page or web site operated or controlled by Defendants.

## MAINTENANCE OF RECORDS

## VII.

**IT IS FURTHER ORDERED** that Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from:

  A. Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' assets;

  B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

  C. Failing to maintain records of communications with consumers, including consumer complaints and disputes, and any responses made to those

complaints or disputes, whether those complaints or disputes come from the consumer or any intermediary, such as a government agency, Better Business Bureau or affiliate.

## NOTICE OF HEARING

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

### VIII.

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on the 17th day of November, 2008 at 3:00 p.m. at the United States Courthouse, United States District Court for the Middle District of Florida, Orlando, Florida, Courtroom 5A, to show cause, if any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against said Defendants enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and imposing such additional relief as may be appropriate.

## SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

### IX.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations and/or legal memoranda no later 5:00 p.m. on Thursday, November 13, 2008. If the Commission wishes to reply to the Defendants' filings, it may do so by filing such reply with the Court and providing a copy of the reply to the Defendants (or their counsel, if applicable) not later than 9:00 a..m. on Monday, November 17, 2008.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

### X.

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

>David Koehler
>Tracy Shapiro
>Federal Trade Commission
>600 Pennsylvania Avenue, N.W.
>Mail Drop  NJ-3212
>Washington, D.C.  20580
>FAX: (202) 326-3259

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XI.

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, Host or Hosting Company, and any other Persons in active concert of participation with them. Within five (5) calendar days following service of this Order by the Commission, each Defendant shall file with this Court and serve on the Commission, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER BY PLAINTIFF

### XII.

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of the Commission or any state or federal law enforcement agency, on (1) any Defendant in this action; and (2) any Internet service provider, Host, Host Company, or other entity that provides Internet related services to Defendants; or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

In addition, to the extent it has not already done so, the Plaintiff shall attempt to accomplish service of this temporary restraining order and other relevant documents in accordance with Local Rule 4.05(b)(5).

## RETENTION OF JURISDICTION

### XIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 6, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE