## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

    **v.**                       **Case No:  6:08-cv-1872-ORL-31GJK**

**CYBERSPY SOFTWARE, LLC and**
**TRACER R. SPENCE,**

      **Defendants.**

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants CyberSpy Software, LLC ("CyberSpy"), and Tracer R. Spence ("Mr. Spence") (collectively "Defendants"), by and through undersigned counsel, answers the Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") filed by the Federal Trade Commission ("FTC").  **All allegations not expressly admitted are hereby denied.**

## ANSWER

1.    Defendants admit only that the FTC purports to bring the Complaint on the bases provided in Paragraph 1, but deny all remaining allegations contained in Paragraph 1.

### Jurisdiction and Venue

2.    The allegations contained in Paragraph 2 are conclusions of law to which no response is required.  However, to the extent a response to same is deemed to be required, Defendants admit only that the FTC seeks to invoke the jurisdiction of this Court pursuant to the statutory provisions recited in Paragraph 2, but denies all remaining allegations contained in Paragraph 2.

3.     The allegations contained in Paragraph 3 are conclusions of law to which no response is required.  However, to the extent a response to same is deemed to be required, Defendants admit the allegations contained in Paragraph 3.

**Plaintiff**

4.     The allegations contained in Paragraph 4 are conclusions of law to which no response is required.  However, to the extent a response to same is deemed necessary, Defendants admit only that the FTC is an independent agency of the U.S. government authorized to enforce the provisions of 15 U.S.C. § 45(a).

**Defendants**

5.     Defendants admit the allegations contained in the first and third sentences of Paragraph 5.  Defendants deny the allegations contained in the second sentence of Paragraph 5, except that Defendants admit that CyberSpy has sold its RemoteSpy software product through its Internet website bearing the web address www.remotespy.com.

6.     Defendants admit the allegations contained in the first sentence of Paragraph 6.  Defendants deny the allegations contained in the second sentence of Paragraph 6. Defendants admit the allegations contained in the third sentence of Paragraph 6.

**Commerce**

7.     Defendants admit only that CyberSpy's business affects commerce, as that term is defined in the statutory provision referenced, but deny all remaining allegations contained in Paragraph 7.

**Defendants' Course of Conduct**

8.     Defendants admit only that CyberSpy has marketed and sold its RemoteSpy software product through its Internet website bearing the web address www.remotespy.com

and that one of the product's features is keystroke monitoring, but deny all remaining allegations contained in Paragraph 8.

9.     Defendants admit only that consistent with industry standards, CyberSpy has provided licensed purchasers of its RemoteSpy software product with instructions as to the option of remote installation of same, but denies all remaining allegations contained in Paragraph 9.

10.     Defendants admit only that once the RemoteSpy software product has been installed on a licensed customer's computer, use of that particular computer can be monitored, but deny all remaining allegations contained in Paragraph 10.

11.     Defendants admit only that once the RemoteSpy software product has been installed on a licensed customer's computer, use of that particular computer is monitored and that CyberSpy provides the licensed purchasers of the product with information regarding the monitored computer activities, but deny all remaining allegations contained in Paragraph 11.

12.     In response to the allegations contained in Paragraph 12, Defendants admit only that CyberSpy marketed its RemoteSpy software product through its Internet website bearing the web address www.remotespy.com, deny the remaining allegations contained in Paragraph 12 and further state that Defendants no longer have access to CyberSpy's Internet website bearing the web address www.remotespy.com, as CyberSpy's web site host has denied all access to same based on the Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not be Granted, and Notice of Hearing, entered on November 6, 2008.

13.     In response to the allegations contained in Paragraph 13, Defendants admit only that CyberSpy marketed its RemoteSpy software product through its Internet website

bearing the web address www.remotespy.com, deny the remaining allegations contained in Paragraph 12 and further state that Defendants no longer have access to CyberSpy's Internet website bearing the web address www.remotespy.com, as CyberSpy's web site host has denied all access to same based on the Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not be Granted, and Notice of Hearing, entered on November 6, 2008.

14.     In response to the allegations contained in Paragraph 14, Defendants admit only that CyberSpy marketed its RemoteSpy software product through its Internet website bearing the web address www.remotespy.com, deny the remaining allegations contained in Paragraph 12 and further state that Defendants no longer have access to CyberSpy's Internet website bearing the web address www.remotespy.com, as CyberSpy's web site host has denied all access to same based on the Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not be Granted, and Notice of Hearing, entered on November 6, 2008.

**Deployment and Installation**

15.     Defendants admit only that CyberSpy's RemoteSpy software product provides licensed purchasers the option of being remotely installed, but denies all remaining allegations contained in Paragraph 15.

16.     Defendants admit only that CyberSpy has provided licensed purchasers of its RemoteSpy software product with instructions as to installation, and the option of remote installation of same, but denies all remaining allegations contained in Paragraph 16.

17.     Defendants admit only that CyberSpy has provided licensed purchasers of its RemoteSpy software product with instructions as to installation, and the option of remote installation of same, but denies all remaining allegations contained in Paragraph 17.

18.     Defendants admit only that once the RemoteSpy software product has been installed on a computer, it cannot be readily located or uninstalled by any user of the computer other than the licensed purchaser of the product, but deny all remaining allegations contained in Paragraph 18.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore deny same.

**Information Collected, Organized, and Stored by RemoteSpy**

20.     In response to the allegations contained in Paragraph 20, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 20.

21.     In response to the allegations contained in Paragraph 21, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 21.

22.     In response to the allegations contained in Paragraph 22, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 22.

23.     In response to the allegations contained in Paragraph 23, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 23.

24.     In response to the allegations contained in Paragraph 24, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 24.

25.     In response to the allegations contained in Paragraph 25, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 25.

26.     In response to the allegations contained in Paragraph 26, Defendants admit only that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 26.

27.     Defendants deny the allegations contained in Paragraph 27.

**Violations of the FTC Act**

28.     The allegations contained in Paragraph 28 are conclusions of law to which no response is required.

**COUNT I**
**(Unfair Sale of Spyware)**

29.     In response to the allegations contained in Paragraph 29, Defendants reallege and incorporate by reference their responses to the allegations contained in Paragraphs 8 through 27, inclusive.  In further response to the allegations contained in Paragraph 29, Defendants admit only that CyberSpy marketed its RemoteSpy software product through its Internet website bearing the web address www.remotespy.com and that the RemoteSpy software product has many features and capabilities, but deny all remaining allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31.

**COUNT II**
**(Unfair Collection and Disclosure of Consumers' Personal Information)**

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

**COUNT III**
**(Means and Instrumentalities to Install Spyware and**
**Access Consumers' Personal Information)**

35.     Defendants deny the allegations contained in Paragraph 35.

36.     Defendants deny the allegations contained in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37.

**COUNT IV**
**(Means and Instrumentalities to Engage in Deception)**

38.     In response to the allegations contained in Paragraph 38, Defendants reallege and incorporate by reference their responses to the allegations contained in Paragraphs 8 through 27, inclusive.   In further response to the allegations contained in Paragraph 38, Defendants admit only that CyberSpy has provided licensed purchasers of its RemoteSpy software product with instructions as to installation, and the option of remote installation, of same, but denies all remaining allegations contained in Paragraph 38.

39.     Defendants deny the allegations contained in Paragraph 39.

40.     Defendants deny the allegations contained in Paragraph 40.

**Consumer Injury**

41.     Defendants deny the allegations contained in Paragraph 41.

**This Court's Power to Grant Relief**

42.     Defendants admit the allegations contained in the first sentence of Paragraph 42.   In response to the allegations contained in the second sentence of Paragraph 42, Defendants admit that "[t]he Court, in the exercise of its equitable jurisdiction, may award other ancillary relief," but generally deny the remaining allegations contained in Paragraph 42 as applied to Defendants and specifically deny that Defendants have received "ill-gotten gains" or "caused injury" by "law violations."

**Prayer for Relief**

In response to the FTC's unnumbered paragraph with subparts laying out its "Prayer for Relief," Defendants deny that the FTC is entitled to the relief described therein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to the Complaint. By raising the following defenses, Defendants do not assume the burden of proof for any claims for which the FTC properly bears the burden.

Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or during discovery proceedings.

Defendants reserve the right to amend this answer and/or the affirmative defenses asserted accordingly during the course of subsequent discovery.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The FTC lacks Article III jurisdictional standing to bring this suit.

### Third Affirmative Defense

To the extent the public has suffered any damages, which Defendants deny, such damages were caused parties over whom Defendants have no control or legal responsibility.

### Fourth Affirmative Defense

The doctrine of waiver and laches prohibits the FTC from bringing suit against the Defendants as the Defendants have sold the RemoteSpy product for many years without having suit brought against them.  Further, the FTC has not similarly targeted other makers of similar products with the same functionality even though such products have been in existence for over a decade.

### Fifth Affirmative Defense

Defendants have taken all reasonable measures to prevent the unlicensed abuse of its RemoteSpy product.

### DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Respectfully submitted,

s/Dawn Giebler Millner
Dawn I. Giebler-Millner, Esq.
Florida Bar No. 856576
Michele L. Johnson, Esq.
Florida Bar No. 13570
Mary Ellen Pullum, Esq.
Florida Bar No. 24673
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
Facsimile No. (407) 841-1295
gieblerd@gtlaw.com
*Attorneys for Defendants CyberSpy*
*Software, LLC and Tracer R. Spence*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **November 19, 2008** I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following: **David K. Koehler, Esq.**, dkoehler@ftc.gov, and **Tracy R. Shapiro, Esq.**, tshapiro@ftc.gov.

s/Dawn Giebler Millner
Dawn I. Giebler-Millner, Esq.
Florida Bar No. 856576