UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

    v.                                    Case No:  6:08-cv-1872-ORL-31GJK

**CYBERSPY SOFTWARE, LLC and
TRACER R. SPENCE,**

    **Defendants.**

_____/

**DEFENDANTS' MEMORANDUM OF LAW AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND AND FOURTH AFFIRMATIVE DEFENSES AND SUPPORTING MEMORANDUM OF LAW**

Defendants CyberSpy Software, LLC ("CyberSpy"), and Tracer R. Spence ("Mr. Spence") (collectively "Defendants"), by and through their undersigned counsel, hereby submit their Response and Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendants' Second and Fourth Affirmative Defenses (the "Motion"), pursuant to Federal Rule of Civil Procedure 12(f), and in support state as follows:

**I.     INTRODUCTION**

On November 5, 2008, the Federal Trade Commission ("FTC") filed a Complaint and Motion for a Temporary Restraining Order ("TRO") against Defendants for alleged violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a) (the "FTC Act").  In the Complaint the FTC alleged that RemoteSpy, a remote keylogger software product manufactured by Defendant CyberSpy, violated the FTC Act since it was capable of being misused by others to perpetrate a host of illegal and immoral acts that have the potential of causing harm to unknown members of the public.  The Court subsequently entered a TRO, which stopped the

sale, distribution and continued functionality of RemoteSpy and issued a Show Cause Order to the Defendants (Dkt. 8). On November 25, 2008, following the Court's review of the Defendants' response to the Show Cause Order and oral argument on same, the Court issued a Preliminary Injunction which replaced the TRO and essentially permitted the continued sale, distribution and functionality of RemoteSpy but required that the Defendants change some of their marketing methods.

On November 19, 2008, Defendants filed an Answer (Dkt. 22) with certain incorporated affirmative defenses including, but not limited to, that the FTC lacks Article III jurisdictional standing. On December 12, 2008, the FTC filed its Motion alleging, inter alia, that the Defendants affirmative defense of lack of standing should be stricken because the FTC Act expressly grants the FTC statutory authority to enforce the FTC Act.[1]

## II.    LAW AND ARGUMENT

### A.    The FTC Has Not Met The High Standard Required By Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *Hutchings v. Federal Insurance Co.*, 2008 WL 4186994 at *2 (M.D. Fla. 2008); *Vaughn v. City of Orlando*, 2008 WL 3540434 at *2 (M.D. Fla. 2008). The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters. *Hutchings*, 2008 WL

---

[1] The Motion also seeks to strike the affirmative defense of waiver and laches. Initially, the Defendants intended to oppose this requested relief, relying on the case of *National Labor Relations Board v. P.I.E. Nationwide, Inc.,* 894 F.2d 887, 893 (7th Cir. 1990), which held that principles of equity, such as laches, are applicable to suits by government agencies. However, the Eleventh Circuit case of *United States of America v. Moore,* 968 F.2d 1099, 1100 (11th Cir. 1992) holds differently. Since the Eleventh Circuit is controlling precedent, the Defendants will withdraw its opposition to Plaintiff's Motion to Strike the Defendants' Fourth Affirmative Defense of waiver and laches. *See* Defendants' Notice of Withdrawal of Certain Affirmative Defenses and Request for Jury Trial, filed simultaneously herewith.

4186994 at *2; *Vaughn*, 2008 WL 3540434 at *2. In addition, a motion to strike should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Hutchings*, 2008 WL 4186994 at *2; *Henry v. Nat'l Housing Partnership*, 2008 WL 2277549 at *2 (N.D. Fla. 2008); *Martin v. Blessed Trinity Catholic Church*, 2008 WL 1766925 at *2 (M.D. Fla. 2008).

Given the foregoing, it is undeniable that district courts have broad discretion in disposing of motions to strike under Federal Rule of Civil Procedure 12(f); however, the standard for striking such a defense is *extremely* high. *See Martin v. Blessed Trinity Catholic Church*, 2008 WL 1766925 at *2 (M.D. Fla. 2008) (emphasis added). In fact, several courts have characterized the striking of a pleading as a "drastic remedy to be resorted to only when required for the purposes of justice." *Badesch v. Aetna Health, Inc.*, 2008 WL 2856599 at *1 (S.D. Fla. 2008); *Powell v. Carey Int'l, Inc.*, 2006 WL 3008070 at *1 (S.D. Fla. 2006) (citing *Augustus v. Board of Public Instruction of Excambia County, Florida,* 306 F.2d 862, 868 (5th Cir. 1962)). Courts are not willing to decide disputed and substantial questions of law on a motion to strike, and under such circumstances, the court may properly defer action on the motion and leave the sufficiency of the allegations for determination on the merits. *Badesch*, 2008 WL 2856599 at *1. Because this high standard is rarely met, motions to strike are generally disfavored by the court and are often considered "time wasters." *Hutchings*, 2008 WL 4186994 at *2.

Here, the FTC has failed to meet the strict standards required by this Court in order to grant a motion to strike since the FTC has not demonstrated that the Defendants' Second Affirmative Defense is insufficient, immaterial, redundant, impertinent or scandalous and, therefore, the Motion should be denied. Alternatively, the Court should defer ruling on this

Motion until it considers Defendants' Motions for Summary Judgment (Dkt. 24) in which Defendants argue that they are entitled to judgment as a matter of law because, among other reasons, the FTC lacks Article III standing.

      B.      **The FTC Must Establish Article III Standing In Addition To Statutory Standing**

It is well established that courts of limited jurisdiction are not free to "opine in an advisory capacity about the merits of a plaintiff's claims" and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Bochese v. Town of Ponce Inlet*, 405 F. 3d 964, 974 (11th Cir. 2005). Article III of the United States Constitution requires that only lawsuits that involve an actual "case-or-controversy" be considered by U.S. Courts. Like all litigants, the FTC, as a governmental agency, is not exempt from the burden of proving its Article III standing. In fact, just like a private citizen, governments and their agencies must establish the existence of Article III standing by presenting a "case" or "controversy." *See, e.g., United States v. State of Maryland*, 488 F. Supp. 347, 361 (D. Md. 1980) (citing *United States v. San Jacinto Tin Co.*, 125 U.S. 273, 286 (1888) (right of government of United States to institute suit depends upon the same general principles which would apply to a private citizen)).

Indeed, in its Motion, the FTC has not cited a single case which excuses them from having to show the existence of a "case" or "controversy" as required by Article III. Instead, the FTC relies on *SEC v. Rogers,* 2008 LEXIS 13259 *243 (5th Cir. 2008), in which the Court rejected the defendant's argument, that the SEC lacked standing to bring its civil enforcement action against the defendant for violations of the anti-fraud and registration provisions of the federal securities laws, because the SEC has not suffered a "personal injury" and has no "personal stake" in the litigation. In contrast to the *Rogers* case,

Defendants acknowledge that the FTC Act permits the FTC to bring enforcement actions to protect the public interest as opposed to its own personal interest.  However, as set forth below, the FTC lacks Article III standing because it cannot show the existence of any public harm caused by the Defendants' actions which will be redressed by this litigation.

In its Motion, the FTC claims that the FTC Act, which permits the FTC to "vindicate the public interest in halting deceptive and unfair acts or practices," provides all the standing it needs to bring this lawsuit.  However, this argument blurs the distinction between statutory standing and Constitutional Article III standing.  *See U.S. v. $38,000.00 in U.S. Currency*, 816 F.2d, 1538, 1543 (11th Cir. 1987) (recognizing that there are two separate and distinct forms of standing:  Article III standing and statutory standing).

A claimant seeking relief provided for by statute must, as a threshold issue, demonstrate both forms of standing, statutory and Constitutional, to successfully bring an action before the Court.  *Id*. at 1543-45 (in a forfeiture action, statutory standing, in addition to establishing the omnipresent Article III standing, is a threshold issue); *see also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir 2005) (Article III standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claim).  In other words, the statutory grant of authority provided to the FTC to sue in the public's interest does not absolve the FTC of establishing the irreducible elements of a "case" or "controversy."  If such were the case, federal courts of "limited jurisdiction" would no longer be such and the FTC could bring any case, whether or not there is an actual injury, caused by the defendant, which is capable of redress, thereby circumventing the requirements of the Constitution under the guise of "statutory authority."

5

### C.     The FTC Has Failed To Establish The Elements Of A "Case" Or "Controversy" Under Article III

Because the FTC is empowered to sue in the public's interest, in must show the following elements which comprise the "irreducible constitutional minimum" of Article III standing: (1) that the public suffered a palpable injury in fact; (2) that was caused by or traceable to an action of the defendant and not the result of some third party not before the court; and (3) is capable of redress through the requested relief.[2] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)); *Vermont Agency of Natural Resources v. United States ex. rel. Stevens,* 529 U.S. 765, 771 (2000); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). "This triad of injury in fact, causation and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-104 (1998).

Even with the grant of right to sue in the interest of the pubic, the FTC still lacks standing in this case. Rather than show the that the public has suffered "a palpable injury in fact," the FTC has alleged only vague, theoretical and speculative injuries that fail to identify a single injured victim, any public harm or any specific incident involving the RemoteSpy product. Furthermore, it is undisputed that the Defendants have not committed any acts which allegedly could cause the potential harm. Instead, the alleged injury stems from the misuse of the Defendants' product by third parties not within the control of the Defendants and certainly not before this Court. *See* Defendants' Motion for Summary Judgment (Dkt.

---

[2] The FTC's failure to meet the Article III standing requirements is also addressed in Defendants' Motion for Summary Judgment dated November 19, 2008 (Dkt. 24).

24) at Section IV(2). Regardless of whether the FTC managed to satisfy the first two elements required for Article III standing, it will not be able to satisfy the third element -- which requires a substantial likelihood that the requested relief will remedy the alleged injury in fact. In fact, even if the Court entered the FTC requested injunction against the Defendants, which would ban the continued sale, distribution and functionality of the RemoteSpy product, the public would remain exposed to the alleged dangers associated with the plethora of competitive products that possess the same functionality as RemoteSpy. This is because the FTC requested injunction allows these competitive products to remain available on the market. As such, the requested remedy would not attain the FTC's stated goal of protecting the public from potential abusers of RemoteSpy's functionality.

The FTC, as the party invoking the jurisdiction of this Court, has the burden of proving that this action qualifies as a "case-or-controversy," which is justiciable on its merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-104 (1998). In the action presently before this Court, the FTC may have established statutory standing, but it has patently failed its burden to establish its fundamental Constitutional Article III standing and therefore, Defendants' Second Affirmative Defense based on Lack of Standing is meritorious and Plaintiff's Motion to Strike should be summarily denied.

## IV.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion to Strike Defendants' Second Affirmative Defense and Supporting Memorandum of Law.

Respectfully submitted,

s/Dawn Giebler Millner
Dawn I. Giebler-Millner, Esq.
Florida Bar No. 856576

Michele L. Johnson, Esq.
Florida Bar No. 13570
Mary Ellen Pullum, Esq.
Florida Bar No. 24673
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
Facsimile No. (407) 841-1295
gieblerd@gtlaw.com
*Attorneys for Defendants CyberSpy*
*Software, LLC and Tracer R. Spence*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the **December 18, 2008** I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following: **David K. Koehler, Esq.**, dkoehler@ftc.gov, and **Tracy R. Shapiro, Esq.**, tshapiro@ftc.gov.

    s/Dawn Giebler Millner
    Dawn I. Giebler-Millner, Esq.
    Florida Bar No. 856576