# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

-vs-                                  **Case No.  6:08-cv-1872-Orl-31GJK**

**CYBERSPY SOFTWARE, LLC, and
TRACER R. SPENCE,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 24) filed by the Defendants, Cyberspy Software, LLC ("CyberSpy") and Tracer R. Spence ("Spence"), and the response filed by the Plaintiff, the Federal Trade Commission ("FTC").

The Defendants license a piece of software, called "RemoteSpy," that when installed on a computer surreptitiously tracks all of the activity of that computer's user, from keystrokes entered to web sites visited. RemoteSpy also transmits this information to a remote hard drive, where it can be viewed by the licensee. The Defendants contend that the software is intended to be used only by individuals with a legitimate right to track the activity on a particular computer, such as business owners trying to make sure their employees are not using company laptops to start a competing business, or parents trying to make sure their children are not engaging in internet chats with predators. The FTC contends that the design and marketing of RemoteSpy show that it is intended to be used illegitimately, by licensees with no right to track the activity on a particular computer, for purposes such as identity theft. The FTC instituted the instant action to enjoin the

Defendants' alleged violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits (among other things) unfair or deceptive acts or practices in or affecting commerce.

The Defendants contend that the FTC lacks Article III standing to bring the instant action and that there is no evidence that they have engaged in any unfair or deceptive acts or practices in or affecting commerce. The Defendants' first argument fails as a matter of law, as Congress has conferred standing on the FTC to pursue the sort of claims raised here. *See SEC v. Rogers*, 283 Fed.Appx. 242 (5th Cir. 2008) (holding that Congress may confer standing on federal agencies to bring enforcement actions under its statutes) *and see Dir., Office of Workers' Compensation Programs, DOL v. Newport News Shipbuilding and Dry Dock Co.*, 514 U.S. 122, 133 (1995) (describing how Congress can confer standing on federal agencies to enforce statutes without infringing Article III). 15 U.S.C. § 53(a) provides, in pertinent part, that whenever the FTC has reason to believe that someone is violating or is about to violate any law enforced by the FTC – such as, for example, the FTC Act – then the FTC may bring suit in district court to stop it.

The Defendants' second argument is premature, as discovery does not close in the instant case until April 20, 2009. However, to the extent that the Defendants' argument relies on a lack of evidence of RemoteSpy ever being misused – as opposed to a lack of evidence that the Defendants intended that it be misused – the FTC on December 31, 2008 filed the affidavit of Michael Dodd (Doc. 46-2). Dodd states that a disgruntled former associate tricked Dodd and two other employees of Dodd's company into installing RemoteSpy on their computers (by disguising the

installer as a Microsoft Word resume), where it was used to pilfer passwords, pin numbers, and other data.  Thus, that particular line of argument appears closed.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 24) filed by the Defendants is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 23, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party