# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

CYBERSPY SOFTWARE, LLC, and
TRACER R. SPENCE,

Defendants.

Case No. 6:08-cv-1872-ORL-31GJK

## STIPULATED FINAL ORDER
## FOR PERMANENT INJUNCTION

Plaintiff Federal Trade Commission ("FTC" or "Commission") filed a Complaint

for Permanent Injunction and Other Equitable Relief (Doc. 1) ("Complaint") against

Defendants CyberSpy Software, LLC and Tracer R. Spence ("Defendants") pursuant to

Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b).  The Commission

and Defendants have stipulated (Doc. 107 at 1) to the entry of the following Final Order

for Permanent Injunction ("Order") in settlement of the Commission's Complaint against

Defendants.  Accordingly, the Court makes the following findings of fact and orders the

following:

## FINDINGS

1.      This Court has jurisdiction of the subject matter of this case and over all

named parties pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a),

and 1345.  Venue lies properly with this Court.

2.      The FTC has the authority under Section 13(b) of the FTC Act, 15 U.S.C.
§ 53(b), to seek the relief it has requested.

3.      The Complaint states a claim upon which relief may be granted against
Defendants under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

4.      The activities of Defendants are or were in or affecting commerce, as
defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      The parties waive all rights to seek appellate review or otherwise challenge
or contest the validity of this Order.  Defendants also waive any claims they may have
held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution
of this action to the date of the Order.

6.      Each party shall bear its own costs and attorneys' fees.

7.      Entry of this Order is in the public interest.

8.      Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this
Order are binding on Defendants, and any agents, servants, employees, and all other
persons or entities in active concert or participation with them, who receive actual notice
of this Order by personal service or otherwise.

9.      This Order resolves all claims that arose prior to the date of entry of this
Order against Defendants with respect to any allegation that the Defendants violated the
Federal Trade Commission Act and regulations promulgated thereunder with respect to
RemoteSpy.

10.    Defendants have not admitted any cause of action in the Complaint, and their agreement to settle and finally resolve this action shall not be interpreted to constitute an admission that they have engaged in any violation of any laws or regulations, which they expressly deny.

11.    This Order was drafted jointly by the Commission and Defendants and reflects the negotiated agreement among the parties.

12.    The paragraphs of this Order shall be read as the necessary requirements for compliance and not alternatives for compliance and no paragraph serves to modify another paragraph unless expressly stated.

## **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.    "**CyberSpy Software**" means CyberSpy Software, LLC, a Florida limited liability company with its principal place of business and mailing address at 1512 East Jefferson Street, Orlando, Florida 32801.

2.    "**Spence**" means Tracer R. Spence, individually and as an officer and director of CyberSpy Software.

3.    "**Corporate Defendant**" means CyberSpy Software, and its successors and assigns.

4.    "**Individual Defendant**" means Spence.

5.    "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

6.      **"Clear(ly) and prominent(ly)"** means that, in an electronic medium, the disclosure shall be:  (a) unavoidable; (b) of a size and shade, and shall appear on the screen for a duration, sufficient for an ordinary consumer to read and comprehend it; and (c) in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any advertisement or promotion.

7.      **"Keylogger"** means any software, program, or code whose purpose is to cause the recording or transmission of the keystrokes a computer user types, screenshots, and/or other computer activities.

8.      **"Person(s)"** means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9.      **"RemoteSpy"** or **"the Software"** means the software program known as "RemoteSpy," including any and all versions marketed or sold by or on behalf of Defendants through, without limitation, the website www.remotespy.com, or any affiliate or third-party websites.  "RemoteSpy" or "the Software" also shall mean any software program substantially similar to RemoteSpy, including any Remotely Deployable Keylogger Program.

10.     **"Remotely Deployable Keylogger Program"** means a Keylogger that can be sent from one computer and installed on another, including any Keylogger that can be deployed via a computer network or via email, instant messaging, Internet chat, other electronic communication, thumb drive, or other digital media.  For the purposes of this

Order, the term "Remotely Deployable Keylogger Program" does not include the current software program marketed or sold by Defendants as "CyberSpy" through, without limitation, the website www.cyberspysoftware.com, or any substantially similar locally installed Keylogger that does not provide remote access to the stored information from the monitored computer.

11.     "**Including**" means including without limitation.

## ORDER

## I.

### INJUNCTION PROHIBITING
### SURREPTITIOUS INSTALLATION

**IT IS HEREBY ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, promoting, selling, or distributing RemoteSpy by means of informing or suggesting to customers that the Software may be, or is intended to be, installed on a computer without the knowledge or consent of the computer's owner, including by providing instructions for disguising the name of the executable file that accomplishes the installation, and/or recommending the use of a stealth email service for sending the executable file to a remote computer.

## II.

### INJUNCTION PROHIBITING
### DECEPTIVE MEANS AND INSTRUMENTALITIES

**IT IS FURTHER ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, providing others with the means and instrumentalities with which to make, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact regarding RemoteSpy including falsely representing that the Software is an innocuous file or attachment such as photos or music.

## III.

### INSTALLATION NOTICE AND TRANSPARENCY

**IT IS FURTHER ORDERED** that, except as provided in Subsection C below, Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, promoting, selling, or distributing RemoteSpy unless Defendants comply with the procedures identified in both Subsections A and B below:

    **A.**    **Installation Notice:** Prior to the installation of RemoteSpy, Defendants must cause to be displayed to the user of the computer upon which the

Software is being installed a popup or splash install notice ("Install Notice"). The Install Notice must be at least 600 x 400 pixels in size, use branding (*i.e.*, naming, color, and/or images) consistent with that used to market the Software, and must Clearly and Prominently disclose: (1) the name of the Software; (2) the nature and function of the Software; and (3) that the user must expressly consent to the installation. The Install Notice must provide the user with a clear choice either to install or not install the Software and the install button or option may not be highlighted or preselected as a default setting. Installation must not proceed until the user expressly selects the installation option.

**B.      Desktop and System Tray Icons:** Defendants must provide that the installation of RemoteSpy be accompanied by the installation of an icon on the desktop and in the desktop system tray of the computer on which the Software is being installed as follows:

 **1.      Location and Branding of Icons:**

  a.      The icons must use branding (*i.e.*, naming, color, and/or images) consistent with that used to market the Software;

  b.      The system tray icon must appear in the task bar (normally in the bottom corner) on the user's desktop when the Software is running, unless the user has chosen to disable the task bar or the task bar is not visible for reasons not

attributable to RemoteSpy;

c.     The desktop icon must display the name of the Software adjacent to the icon; and

d.     Mousing over or placing the cursor or pointer on the system tray icon must cause the name of the Software to be displayed.

2.     **Source of Information:**  Clicking on the desktop icon or the system tray icon must provide the user with Clear and Prominent information sufficient to identify:

a.     The name and material functions of the Software;

b.     That the Software is running on the user's computer; and

c.     Where and how the user can contact Defendants for additional information or to resolve an issue of improper installation of the Software, including instructions for removal of the Software.

3.     **Ability to Disable Icons at Installation:**  The Install Notice (Subsection A, above) may include notice that the desktop and system tray icons will be installed and provide the user installing the Software (*i.e.*, the person using the computer upon which the Software is to be installed) the option, through a link or other means, to disable or prevent the installation of the icons.

C.      **Exceptions to the Install Notice and Icon Requirements:**

1.      Defendants may program RemoteSpy to allow the purchaser of the

Software to disable the Install Notice (Subsection A, above) and

desktop and system tray icons (Subsection B, above) only if the

purchaser confirms prior to installation that the purchaser has

administrative rights for the computer upon which the Software is to

be installed.  For an individual computer, a purchaser must confirm

such administrative rights by providing the user name and

administrative password for the computer upon which the Software

is to be installed.  For a networked computer, as in a business

setting, a purchaser must confirm administrative rights by providing

domain credentials, or demonstrating equivalent network-wide

administrative privileges for the computer upon which the Software

is to be installed.  Before the installation of RemoteSpy can be

successfully completed, Defendants must cause the Software to

confirm that the information regarding the administrative rights

provided by the purchaser is an exact match for the computer upon

which the Software is to be installed.  If the Software fails to

confirm administrative rights in the foregoing manner, the Software

must provide the Install Notice and desktop and system tray icons.

None of the recording or monitoring features of the Software will be

functional unless the requirements of this paragraph are satisfied.

2.     The default Install Notice (Subsection A, above) and desktop and system tray icon (Subsection B, above) requirements do not apply to upgrades, patches, and updates sent to a particular computer when the Software is currently installed on that computer and no component of the Software has been removed that prevents the Software from running on that computer.

## IV.

## ADDITIONAL WARNINGS AND NOTICES

**IT IS FURTHER ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, promoting, selling, or distributing RemoteSpy unless Defendants provide the purchaser with the following notices:

A.     **Home Page Notice:**  The home page or the principal advertising page of any Internet website advertising RemoteSpy must Clearly and Prominently provide notice that only the owner of a computer or a person who has permission to monitor a computer may install or use the Software on that particular computer and that installing or using the Software on a computer that the purchaser does not own or have permission to monitor may violate local, state, and/or federal law.  The foregoing notice must be placed such

that it can be viewed on the screen first seen by a potential purchaser who

lands on the home page or the principal advertising page.

B.    **Purchase Page Notice:**  Defendants may not complete the sale of

RemoteSpy unless Defendants provide the purchaser with Clear and

Prominent notice and the purchaser affirmatively acknowledges and agrees:

(1) to install the Software only on a computer he owns or on which he has

received the computer owner's permission to install the Software; and (2)

that installation or causing the installation of the Software on a computer

that the purchaser does not own or have permission to monitor will violate

the Software license agreement and may violate local, state, or federal law.

C.    **Remote Deployment or Installation Configuration Notice:** Immediately

before a purchaser selects a remote deployment or installation option,

Defendants must cause the purchaser to be presented with either a popup

notice or a separate check box containing Clear and Prominent language

that the purchaser agrees:  (1) to install the Software only on a computer he

owns or has permission from the owner to monitor; and (2) to inform

anyone who uses the computer on which the Software is installed that the

computer is capable of monitoring computer usage.  The popup notice or

check box must give clear choice either to agree or not agree and neither

button may be highlighted or preselected as a default setting.  The

purchaser must agree to the foregoing terms before being allowed to

proceed to use any remote deployment or installation feature or capability of the Software.

## V.

## LICENSE MONITORING

**IT IS FURTHER ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, failing to take reasonable and appropriate measures to ensure that a purchaser of RemoteSpy does not exceed license limitations.  Such reasonable and appropriate measures include without limitation the following:

A.      Defendants must implement a license system prohibiting a single licensed copy of the Software from being used on more than one computer at any given time.

B.      Defendants may permit purchasers of the Software to use a single license to uninstall and then reinstall the Software on a different computer two times, for a total of three installations per license.

C.      Defendants may permit purchasers of the Software to use a single license to install the Software more than the total of three times as described in this Section only if the purchaser demonstrates good cause in writing to Defendants for doing so.  Good cause under this Section may only include the purchase of a new computer, hard drive, or operating system that

requires an additional installation.

## VI.

## PROTECTION OF DATA

**IT IS FURTHER ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from transferring information collected by RemoteSpy from the computer upon which the Software is installed to Defendants' servers or any other servers unless the information collected is rendered unreadable, unuseable, or indecipherable during transmission.

## VII.

## AFFILIATE MARKETING

**IT IS FURTHER ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, promoting, selling, or distributing RemoteSpy by means of affiliates, resellers, or other third parties unless:

A.    Defendants serve all affiliates, resellers or other third parties with a copy of this Order and obtain a written acknowledgment that they have received and read the Order; and

B.    Defendants take reasonable and appropriate measures to ensure that all

affiliates, resellers or other third parties comply with the applicable terms of this Order.  Reasonable and appropriate measures shall include, without limitation, periodic monitoring of affiliates, resellers or other third parties and the prompt termination of affiliates, resellers or other third parties who fail to comply timely with any applicable term of this Order.

## VIII.

## MARKETING CLAIMS REGARDING THE FTC

**IT IS FURTHER ORDERED** that Defendants, and all other Persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, promoting, selling, or distributing RemoteSpy by making any express or implied representation that the Federal Trade Commission has certified, endorsed, or approved the sale or use of RemoteSpy.

## IX.

## UNINSTALLATION OF EXISTING REMOTESPY LICENSES

**IT IS FURTHER ORDERED** that Defendants, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, promoting, selling, or distributing versions of RemoteSpy that were commercially available prior to the date of entry of this Order.  It is further ordered that Defendants shall cause all versions of RemoteSpy existing

on or before the date of entry of this Order to cease to function and be uninstalled from any computer on which they are installed within thirty (30) days from the date of entry of the Order.

## X.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of the financial statements executed and provided to the Commission by Defendants on February 19, 2010.  If, upon motion by the Commission, this Court finds that Defendants' financial statements failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation or omission, the Commission may request that this Order be reopened for the purposes of seeking disgorgement from Defendants; provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by this Court; and provided further, that proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including other proceedings the Commission may initiate to enforce this Order.  Solely for the purposes of reopening or enforcing this Section of the Order, Defendants waive the right to contest any of the allegations in the Complaint filed in this matter.

# XI.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.  Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation, ***provided*** that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c);

B.  In addition, the Commission is authorized to use all other lawful means, including:

1.  obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.  having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or

Page 16 of 25

controlled in whole or in part by any Defendant, without the

necessity of identification or prior notice; and

C.       Defendants each shall permit representatives of the Commission to

interview any employer, consultant, independent contractor, representative,

agent, or employee who has agreed to such an interview, relating in any

way to any conduct subject to this Order.  The person interviewed may have

counsel present.

***Provided however,*** that nothing in this Order shall limit the Commission's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and

57b-1, to obtain any documentary material, tangible things, testimony, or information

relevant to unfair or deceptive acts or practices in or affecting commerce (within the

meaning of 15 U.S.C. § 45(a)(1)).

## XII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions

of this Order may be monitored:

A.       For a period of three (3) years from the date of entry of this Order,

1.       Defendant Spence shall notify the Commission of the following:

a.       Any changes in his residence, mailing addresses, and

telephone numbers, within ten (10) days of the date of such

change;

Page 17 of  25

b.      Any changes in his employment status (including self-employment), and any change in his ownership in any business entity within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

c.      Any changes in his name or use of any aliases or fictitious names within ten (10) days of the date of such change; and

2.      Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a

Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.   One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which such Defendant has complied and is complying with this Order. This report shall include, but not be limited to:

1.   For Defendant Spence:

a.   His then-current residential address, mailing addresses, and telephone numbers;

b.   His then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

c.   Any other changes required to be reported under Subsection A of this Section.

    2.      For all Defendants:

        a.      A copy of each acknowledgment of receipt of this Order,

obtained pursuant to the Section titled "Distribution of Order

by Defendants"; and

        b.      Any other changes required to be reported under Subsection

A of this Section.

C.      Each Defendant shall notify the Commission of the filing of a bankruptcy

petition by such Defendant within fifteen (15) days of filing.

D.      For the purposes of this Order, Defendants shall, unless otherwise directed

by the Commission's authorized representatives, send by overnight courier

all reports and notifications required by this Order to the Commission, to

the following address:

        Associate Director for Enforcement
        Federal Trade Commission
        600 Pennsylvania Avenue, N.W.
        Washington, D.C.  20580
        RE: FTC v. CyberSpy Software, LLC, et al., 6:08-cv-1872

*Provided* that, in lieu of overnight courier, Defendants may send such

reports or notifications by first-class mail, but only if Defendants

contemporaneously send an electronic version of such report or notification

to the Commission at:  DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this

Order, the Commission is authorized to communicate directly with each

Defendant.

## XIII.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, each Defendant, in connection with any business where (1) such Defendant is the majority owner, or directly or indirectly manages or controls the business, and (2) the business is engaged in or assists others engaged in the development, marketing, or sale of RemoteSpy, and their agents, employees, officers, corporations, successors and assigns, are hereby restrained and enjoined from failing to create and/or retain the following records:

A.   Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.   Records accurately reflecting:  the name, address, telephone number, and email address of each person employed in any capacity by such business, including as an independent contractor, affiliate, or reseller; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable, where Defendants have access to or control over the records;

C.   Customer files containing the names, addresses, phone numbers, email addresses, dollar amounts paid, quantity of items or services purchased, description of items or services purchased, and copies of all contracts and

correspondence, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests from customers and any third parties (whether received directly, indirectly or through any third parties) and any responses to those complaints or requests;

E.      Copies of all websites, sales scripts, training materials, advertisements, or other marketing materials, and records that accurately reflect the time periods during which such materials were used and the persons and business entities that used such materials;

F.      Records, if they exist, regarding the computers on which RemoteSpy is installed and uninstalled and any communications regarding license violations, license violation warnings, or requests to exceed license limits; and

G.      All records and documents necessary to demonstrate full compliance with each provision of this Order including copies of acknowledgments of receipt of this Order required by Sections  XIV and XV of this Order and all reports submitted to the FTC pursuant to Section XII of this Order.

H.      Defendants, however, are not required to create or maintain records of log data obtained from computers by RemoteSpy that are not otherwise maintained in the ordinary course of business.

## XIV.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of

entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    Corporate Defendant:  The Corporate Defendant must deliver a copy of this

Order to (1) all of its principals, officers, directors, and managers; (2) all of

its employees, agents, and representatives who engage in conduct related to

the subject matter of the Order; and (3) any business entity resulting from

any change in structure set forth in Subsection A.2 of the Section titled

"Compliance Reporting."  For current personnel, delivery shall be within

five (5) days of service of this Order upon such Defendant.  For new

personnel, delivery shall occur prior to their assuming their responsibilities.

For any business entity resulting from any change in structure set forth in

Subsection A.2 of the Section titled "Compliance Reporting," delivery shall

be at least ten (10) days prior to the change in structure.

B.    Individual Defendant as control person:  For any business that the

Individual Defendant controls, directly or indirectly, or in which he has a

majority ownership interest, the Individual Defendant must deliver a copy

of this Order to (1) all principals, officers, directors, and managers of that

business; (2) all employees, agents, and representatives of that business

who engage in conduct related to the subject matter of the Order; and

(3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon the Individual Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.      Individual Defendant as employee or non-control person: For any business where the Individual Defendant is not a controlling person of a business but the Individual Defendant otherwise engages in conduct related to the subject matter of this Order, the Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.      Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XV.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful

sworn statement acknowledging receipt of this Order.

## XVI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for five (5) years from the date this Order is entered for purposes of construction, modification, and enforcement of the Order.

**IT IS SO ORDERED,** this 22nd day of April, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE